**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---

| | |
|---|---|
| Zhanyou Hao,<br><br>         Plaintiff,<br><br>      - against -<br><br>May Best Nail Spa, Inc. d/b/a Best Nail Spa, Jufen Wang, and Hongtao Fu<br><br>         Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Zhanyou Hao (hereinafter, "Plaintiff" or "Hao"), by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants May Best Nail Spa, Inc., d/b/a Best Nail Spa (hereinafter, "Best Nail Spa" or "the nail salon"), Jufen Wang, and Hongtao Fu (collectively "Defendants"), alleges and shows the Court the following:

## NATURE OF THE ACTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that he is entitled to: (i) unpaid wages from defendants for work performed for which he received no compensation at all; (ii) unpaid wages for overtime work for which he did not receive overtime premium pay, as required by law, and (iii) liquidated damages, declaratory relief, costs, interest and attorneys' fees pursuant to the FLSA, 29 U.S.C. §20l et seq.

2. Plaintiff further complains, pursuant to Federal Rule of Civil Procedure (hereinafter, "FRCP") 23, that he is entitled to: (i) unpaid wages from defendants for work performed for which they received no compensation at all; (ii) unpaid minimum and unpaid wages for overtime work for which he did not receive overtime premium pay, as required by law, and

(iii) liquidated damages, costs, interest and attorneys' fees pursuant to the Connecticut Minimum Wage Act ('CMWA"), Conn. Gen. Stat. § 31-68(a), 31-72.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

4. This Court has jurisdiction over the State Law claims pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

5. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of Connecticut, and the events complained of occurred in Connecticut.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and pursuant to 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in the State of Connecticut.

## THE PARTIES

*Plaintiff*

7. Plaintiff was, at all relevant times, an adult individual residing in Flushing, New York.

8. Plaintiff was employed by Defendants from on or around June 2016 to September 1, 2019, as a Manicurist at Defendants' nail salon, Best Nail Spa, at the address of 256 Hope Street, Stamford, CT 06906.

9. Plaintiff was also employed by Defendants, at all relevant times, as a driver driving employees of Best Nail Spa between their living place and the business place of Best Nail

Spa.

*Corporate Defendant*

10. Upon information and belief, Defendant May Best Nail Spa, Inc. is a domestic business organization organized under the laws of the state of Connecticut with a principal place of business at 256 Hope Street, Stamford, CT 06906. Defendant May Best Nail Spa, Inc. is the owner and operator of Best Nail Spa, and thus is at all relevant times an employer of Plaintiff Hao under state and federal law.

*Individual Defendants*

11. Upon information and belief, Defendant Hongtao Fu (hereinafter, "Defendant Fu" or "Fu") is an owner, president, and shareholder of May Best Nail Spa, Inc., participating in its day-to-day operations, and acted intentionally and maliciously.

12. Upon information and belief, at all times relevant to the allegations herein, Fu had the power to hire and fire employees at Best Nail Spa, establish their wages, set their work schedules, and maintain their employment records. Defendant Fu is a resident of New York.

13. Thus, Defendant Fu is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2. Therefore, Defendant Fu is jointly and severally liable with Best Nail Spa.

14. Upon information and belief, Defendant Jufen Wang (hereinafter, "Defendant Wang" or "Wang") is an owner, officer, and manager of May Best Nail Spa, Inc., participating in its day-to-day operations, and acted intentionally and maliciously.

15. Upon information and belief, at all times relevant to the allegations herein, Defendant Wang had the power to hire and fire employees at Best Nail Spa, establish their wages, set their work schedules, and maintain their employment records.

16. Upon information and belief, Defendant Jufen Wang is the direct supervisor of Plaintiff Hao.

17. Thus, Defendant Wang is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2. Therefore, Zhong Zhang is jointly and severally liable with Best Nail Spa.

18. Upon information and belief, during the times relevant to this Complaint, Defendants have generated more than $500,000 in revenues every year from 2016 to the present.

19. Upon information and belief, Defendant Best Nail Spa handled goods moved in interstate commerce.

20. Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendants are subject to the Fair Labor Standards Act.

21. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

22. Defendants employed the Plaintiff as an employ within the meaning of FLSA § 203.

23. Plaintiff have fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATUTE OF LIMITATIONS

24. Pursuant to the FLSA, 29 U.S.C. §255(a), because Defendants acted intentionally, willfully and maliciously, the willful violation of Defendants may be tracked back to three years before the filing date of this action.

25. However, regarding the causes of action based on contract law, according

to the Erie Doctrine and Conn. Gen. Stat. § 52-576 (a), Plaintiff Hao may bring an action for an account, or on any simple or implied contract, within six years after the right of action accrues.

## STATEMENT OF FACTS

26. Plaintiff was employed by Defendants from June 2016 to September 1, 2019, as a manicurist at Best Nail Spa. Plaintiff provides typical manicure and pedicure services including but not limited to nail care, waxing, and massage.

27. Plaintiff was also was hired as a driver at the same time driving employees to Best Nail Spa and drop them off after work.

28. From in or around June 2016 to in or around February 2017, Plaintiff regularly worked five (5) days a week with Monday and Tuesday off. Plaintiff is not allowed to leave the premise and have to be on-call for work throughout his work time. Plaintiff was not afforded any break during which she was completely relived from duty and was not subject to any job assignments. Employees were required to stay outside the business hours of the nail salon to finish their work and clean, for half an hour to one hour.

29. During this period of time, from Wednesday to Saturday, Plaintiff Hao would start driving the car at 8:30am, and then pick up other employees and drive them to the nail salon. On Sunday, Plaintiff Hao would start driving at 9:00am. Then he started working as a manicure during Best Nail Spa during the nail salon's business hours. On Wednesday, Plaintiff Hao usually started driving employees back between 8:00pm to 8:30pm and dropped off employees between 9:00pm to 9:30pm. Thus, on Wednesday, Plaintiff worked from 8:30am to 9:00pm or 9:30pm. From Thursday to Saturday, Plaintiff Hao usually started driving employees back between 7:30pm and 8:00pm and dropped off employees between 8:30pm and 9:00pm. Therefore, from Thursday to Saturday, Plaintiff Hao worked from 8:30am to 8:30pm or 9:00pm.

5

On Sunday, Plaintiff Hao would start driving employees back between 6:30pm to 7:00pm and drop off employees between 7:30 to 8:00pm. Thus, from in or around June 2016 to in or around February 2017, Plaintiff Hao worked from fifty-nine (59) to Sixty-one and a half (61.50) hours a week.

30. From in or around February 2017 to in or around February 2018, for approximately one year, Plaintiff Hao worked six (6) days a week. From Wednesday to Sunday, Plaintiff Hao would work on the same schedule as above. And on Tuesday, Plaintiff Hao would work as his Wednesday schedule, i.e., from 8:30am to 9:00pm or 9:30pm. Thus, during this time period, Plaintiff Hao worked from Seventy-one and a half (71.50) to Seventy-four and a half (74.50) hours.

31. From in or around February 2018 to on or about December 31, 2018, Plaintiff Hao worked five (5) days a week again, with Tuesday off. Plaintiff Hao's work schedule during this time period was the same as his from June 2016 to February 2017. Thus, from in or around February 2018 to on or about December 31, 2018, Plaintiff Hao worked from fifty-nine (59) to Sixty-one and a half (61.50) hours a week.

32. From on or about January 1, 2019 to September 1, 2019, the business hours of the nail salon remained the same, but employees were usually not required to stay after the business hours. Plaintiff Hao worked five (5) days week with Monday and Tuesday off. On Wednesday, Plaintiff would start driving the car at 8:30am, and then pick up other employees and drive them to the nail salon. On Sunday, Plaintiff Hao would start driving at 9:00am. Then he started working as a manicure during Best Nail Spa during the nail salon's business hours. On Wednesday, Plaintiff Hao would start driving employees back at 7:30pm and dropped off employees at 8:30pm. Thus, on Wednesday, Plaintiff worked from 8:30am to 8:30pm. From

6

Thursday to Saturday, Plaintiff Hao would start driving employees back at 7:00pm and dropped off employees at 8:00pm. Therefore, from Thursday to Saturday, Plaintiff Hao worked from 8:30am to 8:00pm. On Sunday, Plaintiff Hao would start driving employees back at 6:00pm and drop off employees at 7:00pm. Therefore, during this period, Plaintiff Hao worked five (5) days, and fifty-six (56) hours per week.

33. From in or around June 2016 to September 1, 2019, Plaintiff Hao was paid at a fixed rate of one hundred and thirty (130) dollars per day for the days he worked, including his daily salary of one hundred and ten (110) per day for his manicure work, and twenty (20) per day for his driving work.

34. Plaintiff was paid partially by cash and partially by check weekly. Starting from in or around June 2016 to in or around September 2018, Plaintiff was receiving checks biweekly, in the amount of in total $800 per month. The rest of the salaries would be paid in cash. From in or around September 2018 to September 1, 2019, Plaintiff was receiving checks biweekly, in the amount of in total $400 per month, with the rest of the salaries paid in cash.

35. Plaintiff regularly received tips from the customers. On average, Plaintiff would receive around $30 in tips per day. Plaintiff never received any notice from Defendants regarding their intention to use "tip credit" against the minimum wage. Nor did Plaintiff Hao ever have any agreement regarding tips or tip credits with Defendants.

36. Despite that Plaintiff Hao was required to work for Defendants well in excess of forty (40) hours per week, and for one year requiring him to work over seventy (70) hours per week, yet Defendants failed to pay his overtime compensation for hours worked in excess of forty hours per week as required by the law.

37. During all relevant time to the instant matter, Defendants failed to adopt any

7

means ( time cards, sign-in and out sheet etc.) to accurately record the amount of hours its employees worked.

38. Defendants willfully failed to post a notice explaining the Fair Labor Standards Act in a conspicuous place in the workplace, as prescribed by the Wage and Hour Division of the U.S. Department of Labor and required by 29 C.F.R. § 516.4.

39. Defendants, in contravention of Conn. Gen. Stat. § 31-71f, willfully failed to post a notice in a place accessible to employees with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters. Defendants also failed otherwise to make such information available to employees in writing.

40. Defendants also willfully violated the provisions of Conn. Gen. Stat. § 31-71f by failing to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules.

41. Furthermore, Defendants willfully violated Conn. Gen. Stat. § 31-51ii by failing to give Plaintiff a meal period of at least 30 minutes between the first two and last two hours of the shift, during his work for more than 10 hours a day.

42. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

43. The work performed by Plaintiff required little skill and no capital investment.

44. Plaintiff did not supervise other employees, did not have hiring and firing authority and his job duties did not include managerial responsibilities or the exercise of independent business judgment. Thus, during all times, Plaintiff is a non-exempt employee of Defendants' business.

## STATEMENT OF CLAIMS

### *FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT*

45. Plaintiff Hao repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

46. At all relevant times, the Defendants had a policy and practice of refusing to pay minimum wages for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

47. Defendants willfully failed to pay Plaintiff the federal statutory minimum wage throughout her entire employment in violation of 29 U.S.C. § 206(a)(1).

48. Defendants willfully failed to pay Plaintiff for all hours worked in excess of forty hours per week for each week, in violation of 29 U.S.C. § 207(a)(1).

49. As a result of the Defendants' failure to record, report, credit and/or compensate Plaintiff, the Defendants have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 211(c).

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. Defendants are jointly and severally liable to Plaintiff for violations of his rights under federal law.

52. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages,

reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## *SECOND CLAIM FOR RELIEF:*
## *CONNECTICUT WAGE AND HOUR LAW*

53. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

54. Defendants willfully violated Plaintiff's rights by failing to pay his compensation for all hours worked, the state statutory minimum wage as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of Conn. Gen. Stat. §§31-60, 31-76C.

55. Defendants willfully failed to distribute records of hours worked, earnings and overtime to the workers, in violation of Conn. Gen. Stat. § 31-13a.

56. Defendants willfully failed to keep records of hours worked by employees of the nail salon, in violation of Conn. Gen. Stat. § 31-66.

57. Defendants willfully failed to post a notice with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters, in violation of Conn. Gen. Stat. § 31-71f.

58. Defendants willfully failed to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules, in violation of Conn. Gen. Stat. § 31-71f.

59. Defendants willfully failed to provide 30 consecutive minutes for a meal within a seven and one-half hour time period, in violation of Conn. Gen. Stat. § 31-51ii(a).

60. As a result of these violations, Plaintiff suffered damages.

61. Defendants are jointly and severally liable to Plaintiff for violations of his rights under state law.

62. Due to the Defendants' CMWA violations, Plaintiff is entitled to recover from Defendants twice amount of his unpaid wages, unpaid minimum wages and unpaid overtime compensation, interests, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to Conn. Gen. Stat. §§ 31-68(a), 31-76.

### THIRD CLAIM FOR RELIEF: BREACH OF CONTRACT

63. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

64. Defendants collectively entered into oral, written, and/or implied contracts with Plaintiff and Plaintiff's acceptance was supported by good and valuable consideration.

65. Plaintiff fulfilled his contractual obligations by laboring for the benefit of Defendants.

66. Defendants breached the contracts with Plaintiff by failing to pay contractually established wages for work performed by Plaintiff.

67. Defendants' contracts with Plaintiff implied payment of overtime wages, in accord with federal and state law.

68. Because of Defendants' breach of contract, Plaintiff suffered from a loss of expected wages.

69. Plaintiff is entitled to damages for Defendants' contract breaches for six (6) years preceding the filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

70. Plaintiff is entitled to monetary damages equal to the amount specified in oral, written, and/or implied contracts entered with Defendants, plus interest.

## FOURTH CLAIM FOR RELIEF:
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

71. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

72. Defendants collectively entered into written and/or oral contracts with Plaintiff and Plaintiff's acceptance was supported by good and valuable consideration.

73. Plaintiff fulfilled her contractual obligations by laboring for the benefit of Defendants.

74. Defendants, in bad faith, denied Plaintiff the benefit of the contract by failing to pay the contractually established wages.

75. Defendants' bad faith is demonstrated by Defendant's failure to pay contractually required wages, failure to pay statutorily mandated overtime, and by Defendants' manipulation of payment schedules that were to the detriment of Plaintiff.

76. Because of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff suffered from a loss of expected wages.

77. Plaintiff is entitled to damages for Defendants' contract breaches for six (6) years preceding the filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

78. Plaintiff is entitled to monetary damages equal to the amount they agreed upon, plus interest.

## FIFTH CLAIM FOR RELIEF:
### UNJUST ENRICHMENT & QUANTUM MERUIT

79. Plaintiff repeats and realleges each and every allegation of the preceding

paragraphs hereof with the same force and effect as though fully set forth herein.

80. By laboring at Defendants' nail salon, Plaintiff provided benefits to Defendants.

81. Plaintiff expected to be compensated for the labor he provided to Defendants. Defendants' unjust failure to pay Plaintiff wages for all labor performed constituted a distinct detriment to the Plaintiff.

82. Accordingly, Plaintiff is entitled to money damages equal to the reasonable value of the labor provided to Defendants, plus interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the statute of limitations;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the CMWA;

c. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of overtime compensation and minimum wages due under the FLSA and the CMWA;

e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as minimum wage and overtime compensation pursuant to 29 U.S.C § 216 and the CMWA;

f.  An award of damages arising out of the non-payment of wages;

g.  An award of prejudgment and post-judgment interest;

h.  Award Plaintiff compensatory damages for Defendants' violations of Connecticut common law (including breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of contract implied through quantum meruit), plus interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

Dated:  Flushing, New York    HANG & ASSOCIATES, PLLC.
        September 6, 2019

                               /S/ JIAN HANG
                               Jian Hang (ct29549)
                               136-18 39th Ave., Suite 1003
                               Flushing, New York 11354
                               Tel: 718.353.8588
                               jhang@hanglaw.com
                               *Attorneys for Plaintiff*

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Best Nail SPA and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid overtime and minimum wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Hao Zhan You
Full Legal Name (Print)

*[signature]*
Signature

9/4/19
Date

15